UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION, | |
| *Plaintiff/Petitioner,* | Docket No.:   0:25-mc-60035 |
| v. | |
| EQUITY ACQUISITION COMPANY LTD. and CARSTEN KLEIN, | |
| *Defendants/Respondents.* | |

**APPLICATION OF THE SECURITIES AND EXCHANGE COMMISSION FOR AN ORDER UNDER SECTION 21(e) OF THE EXCHANGE ACT AND ENFORCING COMPLIANCE WITH COMMISSION ORDER**

The Plaintiff/Petitioner, Securities and Exchange Commission (the "Commission"), applies to the Court for an order pursuant to Section 21(e) of the Securities Exchange Act of 1934 ("Exchange Act") to enforce compliance by Defendants/Respondents Equity Acquisition Company LTD. ("EAC") and Carsten Klein ("Klein") (collectively referred to as "Respondents") with a final Commission Order entered against them on March 3, 2023.  This Order, entered with Respondents' consent, required Respondents to pay disgorgement of $3,363,526, prejudgment interest of $284,550.18 and civil penalties of $269,360, jointly and severally, to the Commission for transfer to the general fund of the United States Treasury, subject to Exchange Act Section 21F(g)(3), and interest on unpaid amounts pursuant to 31 U.S.C. § 3717 and Commission Rule of Practice 600, undertakings, and injunctive relief.

In support of its Application, the Commission states as follows:

## INTRODUCTION

1. The Commission seeks by this Application to enforce an order of the Commission which found that Respondents had violated Sections 15(b) and 21C of the Exchange Act.

2. Respondents have failed to comply with the Commission order requiring them to pay disgorgement of $3,363,526, prejudgment interest of $284,550.18 and civil penalties of $269,360, jointly and severally, to the Commission for transfer to the general fund of the United States Treasury, subject to Exchange Act Section 21F(g)(3), and interest accrual on unpaid amounts pursuant to 31 U.S.C. § 3717 and Commission Rule of Practice 600.

## PARTIES

3. The Commission is an agency of the United States Government. The Commission's principal office is located at 100 F Street, N.E., Washington, DC 20549.

4. Carsten Klein is a citizen of Germany and lawful permanent resident of the United States residing in Parkland, Florida. Klein is the founder of EAC and controls EAC's day-to-day operations.

5. EAC is a trust organized under the laws of Bermuda. EAC is in the business of buying shares of private companies and selling them for a profit to private funds in the United States and abroad.

## JURISDICTION AND VENUE

6. This Court has jurisdiction under Sections 21(e)(1) and 27(a) of the Exchange Act.

7. Venue lies in the Southern District of Florida under Section 27(a) of the Exchange Act. Respondent Klein is "found" or is an "inhabitant" of this District.

- 3 -

## STATEMENT OF RELEVANT FACTS

8. EAC has been in the business of acquiring shares in United States private companies and selling them for a profit to funds located in the United States and abroad. The private companies whose shares Klein targets are companies believed to be contemplating a near-term liquidity event, such as a merger or initial public offering ("Pre-IPO Companies"), and the funds that Klein sells to are funds in the United States and abroad that focus their investments in pre-IPO Companies.

9. Since 2019, EAC has purchased more than 14 million private company shares and sold more than 13.4 million shares to different pre-IPO funds or holding companies. In doing so, EAC has exhibited a regularity of participation in the securities business well in excess of a few isolated transactions. In addition, EAC buys and sells the securities as principal (i.e., not as an agent for the funds), carries a regular inventory of shares, and makes a market in the price of the shares through its negotiated pricing. In each of those instances, EAC has transacted business as a Dealer as that term is defined in Section 3(a)(5) of the Exchange Act.

10. As a result of the conduct described above, EAC and Klein violated Section 15(a)(1) of the Exchange Act, which makes it unlawful for any broker or dealer which is either a person other than a natural person or a natural person not associated with a broker or dealer which is a person other than a natural person to make use of the mails or any means or instrumentality of interstate commerce to effect transactions in, or to induce or attempt to induce the purchase or sale of, any security, unless such broker or dealer is registered in accordance with Section 15(b) of the Exchange Act.

11. On March 3, 2023, the Commission, with the Respondents' consent, issued an Order making findings and imposing remedial sanctions and injunctive relief against Respondents finding they had violated Sections 15(a)(1) of the Exchange Act, requiring them to pay disgorgement of $3,363,526, prejudgment interest of $284,550.18 and civil penalties of $269,360, jointly and severally, to the Commission for transfer to the general fund of the United States Treasury, subject to Exchange Act Section 21F(g)(3), and with interest accruing on delinquent amounts pursuant to 31 U.S.C. § 3717 and Commission Rule of Practice 600.

12. As of this filing, Respondents have not satisfied their obligations to pay and owe disgorgement and prejudgment of $3,107,886 and civil penalties of $269,360, plus interest pursuant to 31 U.S.C. § 3717 and Commission Rule of Practice 600.

13. The Commission ordered Respondents to perform specific undertakings as detailed in the Order.

14. The Commission further ordered Respondents cease and desist from committing or causing any violations and any future violations Section 15(a)(1) of the Exchange Act.

15. Respondents did not seek review of the Order, and their time to do so has expired.

## ARGUMENT

16. The Commission brings this proceeding under Section 21(e) of the Exchange Act. These provisions authorize the use of summary proceedings, rather than plenary civil actions, to enforce Commission orders in the district courts.

17. Proceedings under these provisions are summary in nature. *SEC v. Vindman*, 2007 WL 1074941 at *1 (S.D.N.Y. April 5, 2007); *SEC v. McCarthy*, 322 F.3d 650, 659 (9th Cir. 2003). In *McCarthy*, the Ninth Circuit held that "summary proceedings may be 'conducted

without formal pleadings, on short notice, without summons and complaints, generally on affidavits, and sometimes even *ex parte*.'"

18. These proceedings are commenced by service of an order to show cause and the application, rather than by service of a summons and a complaint. *SEC v. Taber*, 2013 WL 6334375 at *1 (S.D.N.Y., Dec. 4, 2013); *SEC v. Stoecklein*, 2015 WL 6455602 at *1 (S.D. Cal. Oct. 26, 2015); *SEC v. Markowski*, 2007 WL 2566247 at *1 (M.D. Fla. Aug. 31, 2007).

19. In such proceedings, the Respondents may not challenge the validity of the order the Commission seeks to enforce. *SEC v. Gerasimowicz*, 9 F. Supp.2d 378, 381 (S.D.N.Y. 2014); *SEC v. Pinchas*, 421 F. Supp.2d 781, 783 (S.D.N.Y. 2006). "By the time a § 21(e)(1) application is filed by the Commission, the time and opportunity for adjudicating the merits of the claim have been exhausted; all that is left to do is enforce the order." *McCarthy* at 658.

20. This proceeding, therefore, is properly commenced by service of the moving papers and an order to show cause.

WHEREFORE, the Commission respectfully requests:

I.

That the Court enter an Order to Show Cause directing Respondents to show cause why this Court should not enter an Order enforcing their compliance with the Commission Order.

II.

That the Court thereafter enter an Order enforcing the Commission Order and requiring:

 a. Respondents to pay disgorgement and prejudgment balance of $3,107.886 and civil penalties of $269,360, jointly and severally, to the Commission for transfer to the general fund of the United States Treasury, subject to Exchange Act Section 21F(g)(3), and interest on delinquent amounts pursuant to 31 U.S.C. § 3717 and Commission Rule of Practice 600;

 b. Compliance with Undertakings set forth in the Order; and

  c. Compliance with the Injunctive Relief set forth in the Order.

III.

That the Court order such relief as may be necessary for enforcement of any order of this Court as to the civil monetary penalty pursuant to the Federal Debt Collection Procedures Act, 28 U.S.C. §§ 3001 – 3308.

VI.

That the Court order such relief as may be necessary for enforcement of any order of this Court as to disgorgement and prejudgment interest through civil contempt and/or other collection procedures authorized by law.

V.

That the Court retain jurisdiction as appropriate to assure and effect compliance with the order entered herein.

VI.

That the Court order such other and further relief as may be just and proper.


Dated:  January 7, 2025

            Respectfully submitted,

            s/MICHAEL J. ROESSNER
            MICHAEL J. ROESSNER
            Assistant Chief Litigation Counsel
            Division of Enforcement
            United States Securities and Exchange Commission
            100 F Street, NE
            Mail Stop 5631
            Washington, DC 20549-0022
            RoessnerM@SEC.gov
            Telephone:   202.551.4347

Facsimile:     703.813.9366
Attorney for Plaintiff/Judgment Creditor
United States Securities and Exchange Commission